## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

FORTUNATA MORALES LOPEZ
c/o 519 H Street NW
Washington, DC 20001

GRICELDA MORALES CASARRUBIA
c/o 519 H Street NW
Washington, DC 20001

    Plaintiffs,

v.

PIASSA, INC.
d/b/a PIASSA
1336 9th Street NW
Washington, DC 20001

JOSEPH TESHOME
6611 Castle Bar Court
Alexandria, VA 22315

YODIT EGIZEABHIR
a/k/a YODIT LULU
a/k/a YODIT TESHOME
6611 Castle Bar Court
Alexandria, VA 22315

    Defendants.

Civil Action No. _____

## **COMPLAINT**

1. Defendants employed Plaintiffs at their restaurant, "Piassa." Defendants engaged in a number of unlawful pay practices with respect to Plaintiffs.

2. First: Defendants did not pay overtime. Second: at times, Defendants paid Plaintiffs an hourly rate that was less than the District of Columbia's minimum wage. Third: Defendants did not pay Plaintiff Fortunata Morales Lopez for her final weeks of work. And fourth: Defendants did not provide Plaintiffs with legally-mandated paid safe and sick leave.

3. Plaintiffs bring this action to recover damages for Defendants' willful failure to pay overtime wages, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; for Defendants' willful failure to pay regular, minimum, and overtime wages, in violation of the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code § 32-1301 *et seq.*; and for Defendants' failure to provide safe and sick leave, pursuant to the District of Columbia Accrued Safe and Sick Leave Act ("ASSLA"), D.C. Code § 32-131.01 *et seq.*

### Jurisdiction and Venue

4. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

5. Venue is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district.

### Parties

6. Plaintiff Fortunata Morales Lopez is an adult resident of the District of Columbia.

7. Plaintiff Gricelda Morales Casarrubia is an adult resident of the District of Columbia.

8. Defendant Piassa, Inc. is a District of Columbia corporate entity. Piassa, Inc. did business as Piassa, a restaurant located at 1336 9th Street NW, Washington, DC 20001. Piassa, Inc.'s resident agent for service of process is Joseph Teshome, 1336 9th Street NW, Washington, DC 20001.

9. Defendant Joseph Teshome is an adult resident of Virginia. He resides at 1336 9th Street NW, Washington, DC 20001. He is an owner and the managing member of Defendant Piassa, Inc. At all relevant times, Defendant Teshome held and exercised authority over the operations of Piassa, Inc — including its pay practices.

10. Defendant Yodit Egizeabhir is an adult resident of Virginia. She resides at 1336 9th Street NW, Washington, DC 20001. She is also known as Yodit Lulu and Yodit Teshome. She is

an owner and the managing member of Defendant Piassa, Inc. At all relevant times, Defendant Egizeabhir held and exercised authority over the operations of Piassa, Inc — including its pay practices.

11.     Upon information and belief, Defendants Joseph Teshome and Yodit Egizeabhir are husband and wife.

### Factual Allegations Specific to Plaintiff Morales Lopez

12.     Plaintiff Morales Lopez worked at Piassa from approximately July 1, 2015 through approximately December 3, 2016.

13.     Plaintiff Morales Lopez worked as a kitchen hand.

14.     Plaintiff Morales Lopez's job duties primarily consisted of cutting vegetables and meats, preparing sauces, cooking, and cleaning.

15.     Plaintiff Morales Lopez typically and customarily worked more than 40 hours per workweek.

16.     Until October 29, 2016, Plaintiff Morales Lopez typically and customarily worked seven days a week.

17.     Until October 29, 2016, Plaintiff Morales Lopez typically and customarily worked the following schedule:

|           | **Entry and Exit Time** | **Break Time** | **Hours Worked** |
|-----------|-------------------------|----------------|------------------|
| Sunday    | 7:00 a.m. - 3:00 p.m.   | None           | 8.0 Hours        |
| Monday    | 7:00 a.m. - 2:30 p.m.   | None           | 7.5 Hours        |
| Tuesday   | 7:00 a.m. - 2:30 p.m.   | None           | 7.5 Hours        |
| Wednesday | 7:00 a.m. - 2:30 p.m.   | None           | 7.5 Hours        |
| Thursday  | 7:00 a.m. - 2:30 p.m.   | None           | 7.5 Hours        |
| Friday    | 7:00 a.m. - 4:00 p.m.   | None           | 9.0 Hours        |
| Saturday  | 7:00 a.m. - 4:00 p.m.   | None           | 9.0 Hours        |
|           |                         | **Total Hours** | **56.0 Hours**  |

18.     Until October 29, 2016, Plaintiff Morales Lopez typically worked 56 hours a week.

3

19. Until October 29, 2016, Plaintiff Morales Lopez was always paid $10.50 per hour (including after July 1, 2016, when the D.C. minimum wage increased to $11.50).

20. Plaintiff Morales Lopez was never paid overtime wages for when she worked more than 40 hours in a workweek.

21. Plaintiff Morales Lopez was always paid her regular hourly rate across all of her hours worked, including when she worked more than 40 hours in a workweek.

22. Starting on approximately October 29, 2016, Defendants reduced Plaintiff Morales Lopez's work schedule.

23. From October 29, 2016 through December 23, 2016, Plaintiff Morales Lopez worked 150 hours, including four overtime hours.

24. For her work after October 29, 2016, Plaintiff Morales Lopez was not paid anything.

25. On November 17, 2016, Defendants tendered Plaintiff Morales Lopez a check for $735.00. However, the check bounced for lack of funds.

26. At all relevant times, Plaintiff Morales Lopez was paid semimonthly.

27. Plaintiff Morales Lopez was typically paid by check. However, Defendants occasionally paid her with cash.

28. Defendants owe Plaintiff Morales Lopez approximately **$8,598.50** in unpaid regular, minimum, and overtime wages.

29. Moreover, Defendants never provided Plaintiff Morales Lopez with paid safe and sick leave, as required by the ASSLA.

30. Defendants should have provided Plaintiff Morales Lopez with 2.09 days of paid leave in 2015 and 3.00 days of paid leave in 2016, with each day of paid leave equal to eight hours of paid leave.

31.  Plaintiff Morales Lopez was sick for several days in both 2015 and 2016, so she lost wages as a result of Defendants' failure to provide paid leave.

32.  For Defendants' failure to provide paid leave, Defendants owe Plaintiff Morales Lopez approximately **$2,973.70** in lost wages and compensatory damages.

### Factual Allegations Specific to Plaintiff Morales Casarrubia

33.  Plaintiff Morales Casarrubia worked at Piassa from approximately July 1, 2015 through approximately December 15, 2015.

34.  Plaintiff Morales Casarrubia worked as a kitchen hand.

35.  Plaintiff Morales Casarrubia's job duties primarily consisted of preparing coffee, cutting vegetables and meats, working as a cashier, bussing tables, and cleaning.

36.  Plaintiff Morales Casarrubia typically and customarily worked more than 40 hours per workweek.

37.  Plaintiff Morales Casarrubia typically and customarily worked seven days a week.

38.  Plaintiff Morales Casarrubia's official schedule was as follows:

|  | **Entry and Exit Time** | **Break Time** | **Hours Worked** |
|---|---|---|---|
| Sunday | 7:00 a.m. - 4:00 p.m. | None | 9.0 Hours |
| Monday | 7:00 a.m. - 4:00 p.m. | None | 9.0 Hours |
| Tuesday | 7:00 a.m. - 4:00 p.m. | None | 9.0 Hours |
| Wednesday | 7:00 a.m. - 4:00 p.m. | None | 9.0 Hours |
| Thursday | 7:00 a.m. - 4:00 p.m. | None | 9.0 Hours |
| Friday | 7:00 a.m. - 4:00 p.m. | None | 9.0 Hours |
| Saturday | 7:00 a.m. - 4:00 p.m. | None | 9.0 Hours |
|  |  | **Total Hours** | **63.0 Hours** |

39.  However, for at least three days a week, Defendants told Plaintiff Morales Casarrubia to work an additional five hours, until 9:00 p.m. rather than 4:00 p.m.

40.  Plaintiff Morales Casarrubia typically and customarily worked 78 hours a week.

41.  Plaintiff Morales Casarrubia was paid at the following hourly rates:

5

| Approximate Dates | Hourly Rate |
|---|---|
| Jul. 1, 2015 - Sept. 29, 2015 | $9.50 |
| Sept. 30, 2015 - Dec. 15, 2015 | $10.50 |

42. Plaintiff Morales Casarrubia was never paid overtime wages for when she worked more than 40 hours in a workweek.

43. Plaintiff Morales Casarrubia earned her regular hourly rate across all of her hours worked, including when she worked more than 40 hours in a workweek.

44. At all relevant times, Plaintiff Morales Casarrubia was paid semimonthly.

45. Plaintiff Morales Casarrubia was typically paid by check. However, Defendants occasionally paid her with cash.

46. Defendants owe Plaintiff Morales Casarrubia approximately **$6,163.00** in unpaid minimum and overtime wages.

47. Moreover, Defendants never provided Plaintiff Morales Casarrubia with paid safe and sick leave, as required by the ASSLA.

48. Defendants should have provided Plaintiff Morales Casarrubia with 2.91 days of paid leave in 2015, with each day of paid leave equal to eight hours of paid leave.

49. Plaintiff Morales Casarrubia was sick for several days in both 2015 and 2016, so she lost wages as a result of Defendants' failure to provide paid leave.

50. For Defendants' failure to provide paid leave, Defendants owe Plaintiff Morales Casarrubia approximately **$1,701.66** in lost wages and compensatory damages.

### Factual Allegations Common to All Plaintiffs

51. At all relevant times, Defendants had the power to hire and fire Plaintiffs.

52. At all relevant times, Defendants had the power to control Plaintiffs' work schedule.

53. At all relevant times, Defendants had the power to supervise and control Plaintiffs' work.

54. At all relevant times, Defendants had the power to set Plaintiffs' rate and manner of pay.

6

55. At all relevant times, Plaintiffs' paychecks were signed by either Joseph Theshome or Yodit Egizeabhir.

56. Defendants Joseph Theshome and Yodit Egizeabhir personally hired Plaintiffs.

57. At all relevant times, Defendants were aware that they were legally required to pay Plaintiffs one and one-half times Plaintiffs' regular hourly rate for all hours worked in excess of 40 hours in any one workweek.

58. At all relevant times, Defendants were aware that they were legally required to pay Plaintiffs the applicable minimum wage.

59. At all relevant times, Defendants were aware that they were required to provide paid safe and sick leave pursuant to the ASSLA.

60. The District of Columbia minimum wage was $10.50 per hour from July 1, 2015 through June 30, 2016, and $11.50 per hour from July 1, 2016 through the present. D.C. Code § 32-1003(a).

61. At all relevant times, Defendants did not provide Plaintiffs with paid leave pursuant to the ASSLA. Plaintiffs were required to work for Defendants, irrespective of whether or not Plaintiffs were sick. If Plaintiffs took time off because of illness or the illness of a family member, they were not paid for that time.

62. At all relevant times, Defendants had less than 25 employees.

63. At all relevant times, the annual gross volume of Defendants' business exceeded $500,000.00.

64. At all relevant times, Defendants had two or more employees who handled goods and/or materials that had travelled in or been produced for interstate commerce.

## COUNT I

## FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

65. Plaintiffs incorporate the foregoing paragraphs as if fully restated herein.

66. Each defendant was an "employer" of Plaintiffs within the meaning of the FLSA. 29 U.S.C. § 203(d).

67. The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek. 29 U.S.C. § 207(a)(1).

68. Defendants violated the FLSA by knowingly failing to pay Plaintiffs at least one and one-half times Plaintiffs' regular hourly rates for hours worked in excess of 40 hours in any one workweek.

69. Defendants' violations of the FLSA were willful.

70. For Defendants' violations of the FLSA, Defendants are liable to Plaintiffs for unpaid overtime wages, an equal amount as liquidated damages, court costs, reasonable attorney's fees and expenses, interest, and any other relief deemed appropriate by the Court.

## COUNT II

## FAILURE TO PAY WAGES UNDER THE DCWPCL

71. Plaintiffs incorporate the foregoing paragraphs as if fully restated herein.

72. Each defendant was an "employer" of Plaintiffs within the meaning of the DCWPCL. D.C. Code § 32-1301(1).

73. The DCWPCL requires employers to pay an employee who is discharged no later than the working day following the discharge. D.C. Code § 32-1303(1).

74. The DCWPCL requires employers to pay an employee who quits or resigns all wages due upon the next regular payday, or within 7 days from the date of quitting or resigning, whichever is earlier. D.C. Code § 32-1303(2).

75. For purposes of the DCWPCL, "wages" include, among other things, minimum and overtime wages. D.C Code § 32-1301(3).

76. Defendants violated the DCWPCL by knowingly failing to timely pay Plaintiffs all wages earned, including regular, minimum, and overtime wages.

77. Defendants' violations of the DCWPCL were willful.

78. For Defendants' violations of the DCWPCL, Defendants are liable to Plaintiffs for unpaid wages, an amount equal to three times the amount of unpaid wages as liquidated damages, court costs, reasonable attorney's fees and expenses, interest, and any other relief deemed appropriate by the Court.

## COUNT III
## FAILURE TO PROVIDE SICK LEAVE UNDER THE ASSLA

79. Plaintiffs incorporate the foregoing paragraphs as if fully restated herein.

80. Each defendant was an "employer" of Plaintiffs within the meaning of the ASSLA. D.C. Code § 32-131.01.

81. The ASSLA requires the following amounts of paid leave:

| Size of Employer | Provision of Paid Leave | Maximum Provision Per Calendar Year |
|---|---|---|
| 100 or more employees | 1 hour for every 37 hours worked | 7 days |
| 25 to 99 employees | 1 hour for every 43 hours worked | 5 days |
| 24 or fewer employees | 1 hour for every 87 hours worked | 3 days |

D.C. Code § 32-131.02(a).

82. Defendants violated the ASSLA by not providing Plaintiffs with the required paid leave.

83. Defendants willfully violated the ASSLA — and showed a wanton disregard for both the ASSLA and its public policy justifications. When a restaurant requires workers who handle food to be present when they are sick, it endangers the public.

84. For Defendants' violations of the ASSLA, Defendants are liable to Plaintiffs for $500 in additional damages for each accrued day of leave denied, regardless of whether Plaintiffs took unpaid leave or reported to work on that day. D.C. Code § 32-131.12(b).

85. For Defendants' violations of the ASSLA, Defendants are liable for back pay for lost wages, compensatory damages, punitive damages, court costs, reasonable attorney's fees and expenses, and any other relief deemed appropriate by the Court. D.C. Code § 32-131.12(e).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants, on all counts, jointly and severally, in the current total amount of **$77,276.51**, and grant the following relief:

   a. Award Plaintiffs **$59,046.00**, consisting of the following overlapping elements:

      i. unpaid overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

      ii. unpaid regular, minimum, and overtime wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCWPCL, D.C. Code §§ 32-1303(4) and 32-1308;

   b. Award Plaintiffs **$9,675.36**, consisting of the following:

      i. $672.48 in lost wages and compensatory damages for denied paid leave, pursuant to the ASSLA, D.C. Code § 32-131.02(e);

      ii. $4,002.87 in additional damages for each day of denied paid leave, pursuant to the ASSLA, D.C. Code § 32-131.12(b);

iii. $5,000.00 in punitive damages, pursuant to the ASSLA, D.C. Code § 32-131.12(e).

c. Award Plaintiffs pre-judgment and post-judgment interest as permitted by law.

d. Award Plaintiffs attorney's fees and expenses computed pursuant to the matrix approved in Salazar v. District of Columbia, 123 F. Supp. 2d 8 (D.D.C. 2000), and updated to account for the current market hourly rates for attorney's services, pursuant to D.C. Code § 32-1308(b)(1) (as of this date, approximately **$8,155.15**);

e. Award Plaintiffs court costs (currently, **$400.00**); and

f. Award any additional relief the Court deems just.

Date: February 2, 2017                 Respectfully submitted,

/s/ Justin Zelikovitz, Esq.
Justin Zelikovitz, #986001
DCWageLaw
519 H Street NW
Washington, DC 20001
Phone: (202) 803-6083
Fax: (202) 683-6102
justin@dcwagelaw.com

*Counsel for Plaintiffs*

## JURY DEMAND

Plaintiffs hereby demand a trial by jury as to all issues so triable.

/s/ Justin Zelikovitz, Esq.